IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GABRIAEL VLAMAKIS, SHERRIE VLAMAKIS and the Heirs and Estate of STEPHEN GABE VLAMAKIS,<br><br>   Plaintiffs,<br><br>vs.<br><br>PACIFICORP D/B/A/ ROCKY MOUNTAIN POWER, an Oregon Corporation,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE<br><br><br><br>Case No. 2:10-CV-853 TS |

      This matter is before the Court on Plaintiff's Motion to Consolidate this action with *Fatu Matagi and Shellise Matagi v. Pacificorp dba Rocky Mountain Power*, 2:09-CV-884 TC. The Motion was filed on October 6, 2010.

      Under the local rules in effect at the time of the filing of the Motion, it was proper to file the Motion with either "the judge assigned to the low-number case or the judge assigned to the case for which consolidation is sought."[1] However, on December 1, 2010, DUCivR 42-1 was

---

[1] DUCivR 42-1 (2009).

1

amended to state in part: "The motion [to consolidate] shall be filed in the lower-numbered case, and a notice of the motion shall be filed in all other cases which are sought to be consolidated. The motion shall be decided by the judge assigned the lower-numbered case." Under this rule, the Court must deny the Motion because it has not been filed with the lower-numbered case.

DUCivR 81-1(b) governs which rule applies when a new rule is adopted and a proceeding is pending. It states:

> These rules supersede all previous rules promulgated by the United States District Court or any judge of this court. These rules govern all applicable proceedings brought in the United States District Court. They also apply to all proceedings pending at the time they take effect, except where, in the opinion of the court, their application is not feasible or would work injustice, in which event the former rules govern.

Under DUCivR 81-1(b) the Court must apply the new rule unless doing so "is not feasible or would work injustice."

The Court finds application of the new rule is feasible and would not result in injustice. The new rules adopted regarding consolidating and transferring cases address the difficulty of consolidating cases where the parties are not the same and where the cases are at different stages of the litigation process. Both of these are true in this instance and the alternative of simply transferring the case, if proper, may be preferable to actual consolidation. Furthermore, the Court foresees no injustice arising from requiring Plaintiffs to file a similar motion with Judge Campbell, as the lower-numbered case is before her.

If Plaintiffs choose to file a similar motion in the *Fatu Matagi* case, the Court directs them to consider the following language and rules from the December 1, 2010, Memorandum to Members of the Bar and Public regarding Rule Amendments Effective December 1, 2010.

> The court has adopted a process for requesting that a case be transferred from one assigned judge to another. This is a procedure which differs from consolidation of cases. Rules DUCiv R 42-1 and DUCiv R 83-2 should be carefully reviewed before filing either a motion to consolidate cases or a motion to transfer a case to another district judge.

A link to a full copy of the Memorandum as well as a link to the local rules may be found at the Court's website, located at http://www.utd.uscourts.gov.

In conclusion, the Court applies the local rules as amended on December 1, 2010, to this matter and finds that it may not grant the Motion because it was not filed with the lower-numbered case. It is hereby

ORDERED that Plaintiffs' Motion to Consolidate (Docket No. 13) is DENIED without prejudice.

DATED  December 10, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge